## HUDSON MOTOR CAR COMPANY OF NEW YORK, INCORPORATED, RESPONDENT, v. ERIE RAILROAD COMPANY, APPELLANT.

Submitted May term, 1932—Decided October 17, 1932.

For the appellant, *Hobart & Minard*.

For the respondent, *Pitney, Hardin & Skinner*.

The opinion of the court was delivered by

LLOYD, J. The action was in replevin to recover possession of an automobile to which the plaintiff claimed title, and on which the defendant claimed to have a lien for transportation charges. The case was heard by Judge Smith without a jury on a stipulation of facts. There was a finding for the plaintiff and judgment rendered accordingly. From this judgment the defendant appeals.

The questions involved are whether the plaintiff had title to the car at the time the charges were incurred, and whether the transportation charges were a lien.

The automobile in question was sold on September 21st, 1923, by the plaintiff to the Lehigh Sales Corporation, the plaintiff taking back a chattel mortgage in part payment of the purchase price. The mortgage was properly executed and recorded. Among its provisions, according to the findings of the learned trial judge (the stipulation of facts not being

printed in the record), are that the "possession of the car * * * shall be had by the buyer so long as he * * * complies with and fulfills the obligation undertaken by and devolving upon him hereunder by the buyer * * * to be performed, or in case the buyer * * * become insolvent, or should a petition in bankruptcy be filed by or against him, then in any such events, the entire balance owing shall forthwith become due and payable at the option of the seller without notice or demand and the buyer authorizes the seller, its agents, servants, employes, or assigns to enter in or upon any premises where the said car or equipment or any part thereof may be or may be supposed to be and to take, drive and carry the same away without notice or demand and with or without any legal process hereby expressly waiving any action for trespass or damages." Also an obligation that the sales company would not remove the car from the State of New Jersey for more than seventy-two hours in any one week.

After delivery of the car it was taken to Montgomery, Alabama, by one Gelles, president of the sales company, and on November 30th, 1923, shipped by him from that place to San Francisco, California, by rail. Arriving at the latter place it was reshipped to Reno, Nevada, and thence to one Derby, the manager of the plaintiff in this case, at Newark, New Jersey. Derby was notified of the arrival of the car and was furnished with a bill for the transportation charges amounting to $668.37. Derby declined to pay the charges and brought this action to recover possession of the car.

The findings in the court below were that a petition in bankruptcy was filed against the sales company on November 16th, 1923, and the company adjudicated a bankrupt on January 4th following, and that the shipment was after the default under the chattel mortgage and was not authorized by the plaintiff, the chattel mortgagee, the learned judge adding: "We are therefore presented with the question of the defendant's right of lien as against the chattel mortgagee entitled to possession, who has not consented to the imposition of the lien."

Two breaches under the mortgage had clearly occurred:

(1) a bankruptcy petition had been presented, and (2) the mortgagor had violated the provision prohibiting absence of the car from the state for more than seventy-two hours. The question then is whether Gelles, not being entitled, either individually or as president of the sales company, to the possession of the car, could legally authorize its shipment, and we think the answer must be in the negative. The owner of property cannot be deprived of its untrammeled possession by a wrong-doer. Gelles could not sell the car; he could not encumber it by shipment and the incurrence of legitimate transportation charges against it. As stated in numerous cases the carrier can protect itself by demanding the prepayment of shipping charges. If it accepts the shipment without exercising such precaution, it takes the risk of loss of the charges upon demand of the true owner for the possession of the goods. The law is well stated we think in the case of *Swinson* v. *Atchison, Topeka and Santa Fe Railroad,* 117 *Kans.* 258. It was there declared that "ordinarily a carrier acquires a lien on property delivered to it for transportation, and is entitled to hold the property until the charges for carriage are paid. However, if the property is delivered by one who has no authority or right to consign or ship it, the carrier acquires no lien which it can assert against the owner and no right to retain the property as against his demand." Numerous authorities, though hardly needed for so obvious a proposition, are cited in the opinion.

In view of the fact that the mortgagor, according to the finding in the trial court, had, prior to the shipment, lost the right to the possession of the car by reason of breach of the conditions of the mortgage, and the shipments by Gelles, whether as an individual (in which case of course he would have no authority in any event), or as president of the sales company, and the right to possession had reverted to the mortgagee, the seller of the car, were wholly without authority, it is unnecessary to pass upon the question of the priority of lien as between the mortgage as such and the railroad company's charges for transportation, as contended for by the respondent.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS KERNEY, JJ.   13.

*For reversal*—None.